USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DK LIPA LLC,

    Plaintiff,

-against-

SB ENERGY HOLDINGS, LLC (formerly known as SYBAC SOLAR LLC) and MISF, LLC,

    Defendants

Case No. 1:19-CV-1405-LGS

**PROTECTIVE ORDER**

LORNA G. SCHOFIELD, U.S.D.J.

    The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

    ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

    1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

    2.    The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

b) previously nondisclosed material relating to ownership or control of any non-public company;

c) previously nondisclosed business plans, product development information, or marketing plans;

d) any information of a personal or intimate nature regarding any individual; or

e) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the answer to the question shall be deemed Confidential.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a) the parties to this action;

b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f) stenographers engaged to transcribe depositions conducted in this action; and

g) the Court and its support personnel.

6. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the

Confidential Discovery Material. In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter motion explaining the reasons for seeking to file the submission under seal.

7. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

8. The Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9. Each person who has access to Confidential Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently

Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose

compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| Dated 6/11/19<br>Rishi Bhandari<br>Mandel Bhandari LLP<br>*Attorneys for Plaintiff*<br>80 Pine Street, 33rd Floor<br>New York, New York 10005 | Dated 6/11/19<br>Keith P. Brown<br>Brown & Altman LLP<br>*Attorneys for Defendants*<br>538 Broadhollow Road-Suite 301W<br>Melville, New York 11747 |
|---|---|
| Dated 6/7/2019<br>DK LIPA LLC<br>By: Halton A. Peters, Managing Member<br>330 West 45st Street<br>New York, NY 10036 | Dated May 30, 2019<br>SB Energy Holdings, LLC<br>By: Markus Falz, Chief Executive Officer<br>6735 Conroy Windermere Road, Suite 401<br>Orlando, FL 32835 |

receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| _\[signature\]_ Dated 6/11/19<br>Rishi Bhandari<br>Mandel Bhandari LLP<br>*Attorneys for Plaintiff*<br>80 Pine Street, 33rd Floor<br>New York, New York 10005 | _\[signature\]_ Dated 6/11/19<br>Keith P. Brown<br>Brown & Altman LLP<br>*Attorneys for Defendants*<br>538 Broadhollow Road-Suite 301 W<br>Melville, New York 11747 |
|---|---|
| _\[signature\]_ Dated 6/7/2019<br>DK LIPA LLC<br>By: Halton A. Peters, Managing Member<br>330 West 45st Street | SEE ADD'L PAGE Dated _____<br>SB Energy Holdings, LLC<br>By: Markus Falz, Chief Executive Officer<br>6735 Conroy Windermere Road, Suite 401 |

| _signature_ Dated 6/7/2019<br>Halton A. Peters<br>330 West 45st Street<br>New York, NY 10036 | _signature_ Dated May 30, 2019<br>Markus Falz<br>6735 Conroy Windermere Road, Suite 401<br>Orlando, FL 32835 |
|---|---|

SO ORDERED.

_____
LORNA G. SCHOFIELD, U.S.D.J.

Dated:    New York, New York
           May _____, 2019

| New York, NY 10036 | Orlando, FL 32835 |
|---|---|
| _/s/ Halton A. Peters_ Dated 6/7/2019<br>Halton A. Peters<br>330 West 45st Street<br>New York, NY 10036 | _SEE ADD'L PAGE_ Dated _____<br>Markus Falz<br>6735 Conroy Windermere Road, Suite 401<br>Orlando, FL 32835 |
| | _/s/_ Dated 6/4/19<br>MISF, LLC<br>By: Gerald Rosengarten, Managing Member<br>363 Seventh Avenue, 11th Floor<br>New York, New York 10001 |
| | _/s/_ Dated 6/4/19<br>Gerald Rosengarten<br>363 Seventh Avenue, 11th Floor<br>New York, New York 10001 |

SO ORDERED.

_/s/ Debra Freeman_

~~LORNA G. SCHOFIELD, U.S.D.J.~~

any party that wishes to maintain the confidentiality of any documents or information at trial shall make an application to the trial judge, in advance of trial. 𝒥

Dated: New York, New York
~~May ___, 2019~~
November 14, 2019

**DEBRA FREEMAN**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF NEW YORK**